UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAY A. WIVELL,                                    :
                                                  :
            Plaintiff                             :
                                                  :
      v.                                          :      CIVIL NO. 4:CV-07-1197
                                                  :
LIBERTY TOWNSHIP                                  :
POLICE DEPARTMENT, ET AL.,                        :      (Judge McClure)
                                                  :
            Defendants                            :

**MEMORANDUM**

July 26, 2007

**Background**

      This is another in a recent string of *pro se* civil rights actions pursuant to 42

U.S.C. § 1983 initiated by Jay A. Wivell ("Plaintiff"), an inmate presently

confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania.

The Plaintiff has also filed an *in forma pauperis* application.  For the reasons set

forth below, Wivell's action will be dismissed, without prejudice, as legally

frivolous under 28 U.S.C. § 1915.

      There are two (2) Defendants named in the Complaint,  the Liberty

Township, Pennsylvania Police Department and its Chief, James Holler.  Wivell

initially states that on or about September, 2003, Chief Holler conducted an improper warrantless search of his residence.  When Plaintiff tried to file a complaint regarding the search, Defendant Holler allegedly subjected him to twelve (12) criminal charges.  Thereafter, Holler purportedly became romantically involved with Wivell's wife, and assisted her in preparing a falsified Protection From Abuse ("PFA") petition.

Plaintiff admits that he violated the terms of the PFA order and relocated to the State of Maryland.  According to the Complaint, Chief Holler exceeded his authority/jurisdiction by:  arranging for the issuance of a felony warrant against Wivell based upon a meritless charge of criminal trespass; going to Maryland where he put up wanted posters in stores, bars, and on telephone poles (etc); harassing the Plaintiff's mother (in Maryland); and requesting Maryland police officials to arrest Wivell at a hospital where he was undergoing mental health treatment.  See Record document no. 1, ¶ IV.

It is further alleged that during February, 2006, Holler and Mrs. Wivell made additional false accusations against the Plaintiff which apparently led to parole violation charges.   As relief, the Complaint seeks a monetary award for physical and mental damages caused by the Defendants' alleged misconduct.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness

---

[1]  Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Once again, the Court will take this opportunity to advise the Plaintiff that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). As detailed above, all of the Plaintiff's present allegations implicate the illegality of his Pennsylvania state civil and criminal proceedings. Consequently, under Preiser, Wivell may not challenge the legality of his Adams County convictions or confinements via a § 1983 complaint.

With respect to Plaintiff's request for compensatory damages, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

4

writ of habeas corpus." Id. at 486-87.  Furthermore, based on the nature of

Wivell's allegations, a finding in his favor would imply the invalidity of his state

convictions/confinements.  See  Gibson v. Superintendent, 411 F.3d 427, 449 (3d

Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.

Aug. 16, 2005).

Thus, Wivell's request for compensatory damages is premature under Heck

and Gibson because his present cause of action for monetary damages must be

deferred until his state sentences/confinements have been rendered invalid.  If

Plaintiff is able to successfully challenge his Adams County criminal, PFA

contempt, parole violation charges, under Heck, he could reassert his claim for

damages in a properly filed civil rights complaint.

With respect to Defendant Liberty Township Police Department, it is well

settled that a police department is a sub-unit of city government and is generally

not a person subject to suit under § 1983.  E.g., Irvin v. Borough of Darby, 937 F.

Supp. 446, 450 (E.D. Pa. 1996); DiNicola v. DiPaolo, 945 F. Supp. 848, 864

(W.D. Pa. 1996); Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa.

1993); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825

(D.N.J. 1993).

A municipal body or other local governmental unit, not part of a state for

Eleventh Amendment purposes, is a "person" subject to suit under § 1983.  Monell

v. Department of Social Servs., 436 U.S. 658, 690-91 (1978)("Congress did intend

municipalities and other local government units to be included among those persons to whom § 1983 applies.") "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. See also Board of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997); Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, a municipality may not be subjected to § 1983 liability on a theory of *respondeat superior*. Bryan County, 520 U.S. at 403; City of Canton v. Harris, 489 U.S. 378, 392 (1989); Pembaur v. Cincinnati, 475 U.S. 469, 478-79 (1986); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bryan County, 520 U.S. at 403; Beck, 89 F.3d at 971. In Bryan County, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a

6

>        plaintiff must show that the municipal action was taken
>        with the requisite degree of culpability and must
>        demonstrate a direct causal link between the municipal
>        action and the deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694).[2]

A review of the present Complaint establishes that Wivell has not set forth any claim that his constitutional rights were violated as the result of any Liberty Township Police Department  policy or custom.  Consequently, the Police Department is also entitled to entry of summary dismissal.

---

[2] There are two ways in which a governmental policy or custom is established: Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict. Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299, 89 L. Ed. 2d 452 (1986).  A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law.  Monell, 436 U.S. at 690, 98 S. Ct. at 2035 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed. 2d 142 (1970)).  Accord Anela v. City of Wildwood, 790 F.2d 1063, 1067 (3d Cir. 1986).

Furthermore, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Court of Appeals for the Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir.

1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. <u>Young</u>, 926 F.2d at 1405 n.16 (3d Cir. 1991).

Based upon an application of the above standards to Inmate Wivell's present Complaint, his vague, wholly unsupported allegations of a conspiracy between Defendant Holler and Mrs. Wivell to subject him to illegal criminal prosecutions do not satisfy the pleading requirements of <u>Rose</u>, <u>Deck</u>, and <u>Young</u>. Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

<u>     s/ James F. McClure, Jr.          </u>
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1197 |
| | : | |
| LIBERTY TOWNSHIP POLICE | : | (Judge McClure) |
| DEPARTMENT, ET AL., | : | |
| | : | |
| Defendants | : | |

## ORDER

July 26, 2007

In accordance with the accompanying Memorandum**, IT IS HEREBY**

**ORDERED THAT:**

1.    Plaintiff's complaint is dismissed without  prejudice as

frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

2.    The Clerk of Court is directed to close the case.[3]

3.    Any appeal from this Order will be deemed frivolous, without

probable cause and not taken in good faith.

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

------

[3]    The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order issued is binding on the Warden of the Adams County Prison, as well as the superintendent of any correctional facility to which Plaintiff is transferred.